**IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.**

The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.

**Dated: September 29, 2009**



_____
**RANDOLPH J. HAINES**
U.S. Bankruptcy Judge
_____

# TIFFANY & BOSCO
### P.A.

2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-04038/0255782559

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Lisa Ann Smith and Jeffrey Dean Smith<br>    Debtors.<br>_____<br>Wells Fargo Bank, N.A.<br><br>            Movant,<br>    vs.<br><br>Lisa Ann Smith and Jeffrey Dean Smith, Debtors; Russell A. Brown, Trustee.<br><br>            Respondents. | No. 2:09-bk-00054-RJH<br><br>Chapter 13<br><br>(Related to Docket # 19)<br><br>**ORDER APPROVING STIPULATION REGARDING MOTION FOR RELIEF**<br><br>RE:  Real Property Located at<br>11330 W. Yearling Rd.<br>Peoria, AZ 85383 |

IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned, that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a), are hereby vacated with respect to the real property which is the subject of the Deed of Trust recorded in the records of the Maricopa County, Arizona Recorder's Office, wherein Lisa Ann Smith and Jeffrey

Dean Smith, are designated as trustors and Wells Fargo Bank, N.A. is the current beneficiary, which Deed of Trust encumbers the following described real property:

> THE WEST 149.00 FEET OF THE EAST 480.49 FEET OF G.L.O LOT 39, SECTION 6, TOWNSHIP 4 NORTH, RANGE 1 EAST OF THE GILA AND SALT RIVER BASE OF MERIDIAN, MARICOPA COUNTY, ARIZONA; EXCEPT ALL OIL, GAS AND OTHER MINERAL DEPOSITS AS RESERVED IN PATENT FROM THE UNITED STATES OF AMERICA; TOGETHER WITH THE FOLLOWING DESCRIBED WELL SITE EASEMENT; A PARCEL OF LAND SITUATED IN G.L.O. LOT 39, SECTION 6, TOWNSHIP 4 NORTH, RANGE 1 EAST OF THE GILA AND SALT RIVER BASE AND MERIDIAN, MARICOPA COUNTY, ARIZONA, DESCRIBED AS FOLLOWS;
>
> THE WEST 20 FEET OF THE EAST 319.50 FEET OF THE NORTH 40 FEET OF THE SOUTH 73 FEET OF SAID G.L.O. LOT 39; AND TOGETHER WITH THE FOLLOWING DESCRIBED INGRESS, EGRESS AND UTILITY EASEMENT; THE SOUTH 33.00 FEET OF G.L.O. LOT 39, SECTION 6, TOWNSHIP 4 NORTH, RANGE 1 EAST OF THE GILA AND SALT RIVER BASE AND MERIDIAN, MARICOPA COUNTY, ARIZONA; EXCEPT THE WEST 149.00 FEET OF THE EAST 480.49 FEET OF SAID G.L.O. LOT 39.

IT IS FURTHER ORDERED that the debtors will cure the post-petition arrearages currently due as follows:

| | |
|---|---:|
| 2 - Monthly Payments at $2,320.54 each<br>(April 1, 2009 to May 1, 2009) | $4,641.08 |
| 3 - Monthly Payment at $2,325.16 each<br>(June 1, 2009 to August 1, 2009) | $6,975.48 |
| Accrued Post Late Charges | $ 317.61 |
| Motion for Relief Filing Fee | $ 150.00 |
| Bankruptcy Attorney Fees Due | $ 800.00 |
| Less Suspense | <$ 27.40> |
| Total Amount of Post-Petition Default | $12,856.77 |

1. The total arrearage above $12,856.77 shall be paid through the debtor's Amended/Modified Plan. The Debtor's Amended/Modified Plan shall be filed within five (5) business

2

days from the execution of this order. The Movant shall file a supplemental Proof of Claim in the amount of $12,856.77 once this executed order is received to account for this post-petition default.

2. In addition to the payment listed in Paragraph 1, the Debtor will make the regular post-petition payment due for **September 1, 2009 (Coming Due),** which shall be made when due, and all subsequent payments shall be made when due.

IT IS FURTHER ORDERED that Wells Fargo Bank, N.A. as the current beneficiary under the above described Deed of Trust, agrees not to conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust, so long as the terms of this Stipulation are complied with. In the event of default in making any payments described herein Secured Creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to Debtors, Debtors' Counsel and Trustee and Debtors' failure to cure such default within fifteen (15) days of the date of such notice. In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtors will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge. Debtors shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a cashier's check or money order, made payable to Movant. If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER ORDERED that if Debtor' Bankruptcy Case No. 2:09-bk-00054-RJH is dismissed, either voluntary or involuntary, for any reason, this Order will become null and void and Wells Fargo Bank, N.A., and after such dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

IT IS FURTHER ORDERED that any hearings scheduled in the matter are vacated.

DATED this _____ day of _____ 2009.

_____
UNITED STATES BANKRUPTCY JUDGE